## KLINK, administrator, *vs.* THE STEAMER CUSSETA AND OWNERS.

1. The order of the Judge of the Superior Court, (before whom the application and affidavit is made,) to the Clerk to issue execution for the sum sworn to, with costs, in favor of the applicant against a steamboat and owners, which order is signed by him officially, is a substantial compliance with the requirements of the Act of December 7th, 1841, "That the Judge or Justice shall grant an order to the Clerk to enter up judgment,

2. Had the proceedings been illegal on this account, they could have been cured by an order *nunc pro tunc*, so as to proceed at once with the trial, the rights of third persons not having intervened.

Statutory Proceeding to enforce Claim against Steamboat and Owners, in Muscogee Superior Court. Tried before Judge WORRILL, at November Term, 1859.

This was a proceeding under our Statute, (*Cobb's Digest, p.* 427,) to enforce and collect a debt due by the owners of the Steamboat Cusseta, to John W. Freeman, for services rendered as captain of said boat. Upon making the affidavit required by law, Judge CRAWFORD ordered an execution to issue, which was levied upon the boat. One of the owners filed a counter-affidavit, denying the indebtedness, and the issue thereon came on for trial on the appeal in the Court.

The defendant moved to quash the *fi. fa.* upon the ground that no judgment was rendered by the Judge before whom the affidavit was made. The Court granted the motion, and plaintiff excepted.

Plaintiff then moved to amend and enter judgment *nunc pro tunc.* The Court granted this motion, and defendant excepted.

The cause proceeded, and plaintiff was non-suited, to which he excepted.

JOHNSON & SLOAN, for plaintiff in error.

WILEY WILIAMS, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

John W. Freeman, the plaintiff's intestate, for the purpose of collecting a debt claimed to be due him by the owners of the steamboat Cusseta, and enforcing the lien on said boat, given to him by statute for such services, (*Cobb*, 427), made application to the Honorable Martin J. Crawford, then Judge of the Superior Court of that county—Muscogee—on the 24th February, 1854, and on that day made affidavit before him, in compliance with the terms of that statute. Judge Crawford, instead of granting an order to the Clerk of the Superior Court, to enter up judgment on said affidavit, in favor of said applicant, as required by the statute, entered up and signed an order, directed to the Clerk, in which the affidavit was substantially recited, and execution ordered to issue in favor of applicant against the boat and its owners, for the amount sworn to be due, with the costs of proceeding, which order was signed by the Judge officially. Upon this order the Clerk issued execution, which was levied on the boat. One of the owners having filed a counter-affidavit and given a bond, as provided for in 3d section of that Act, the proceedings were returned to the Superior Court for trial of the issue between the parties. And on the trial of the cause, the presiding Judge held that the order of Judge Crawford was not in compliance with the provisions of the statute, and that the execution and levy were illegal. To this decision plaintiff excepted.

The Court, on application, granted an order to the Clerk to enter up judgment on the affidavit *nunc pro tunc*, and defendant excepted. Other points were made, but it is unnecessary to notice them, as our judgment on these two points will dispose of the others.

1. The object of the statute, in requiring the Judge or Justice to grant an order to the Clerk to enter judgment on the affidavit, was, that the application should in that way show that it had received his sanction or approval. That order is the only judicial act required by the statute to give these proceedings the force of a sentence or judgment.

The order of the Judge to the Clerk, to issue execution for a specific sum, with the costs, was equivalent to a judgment. It was his judicial sanction and approval of the application, and was a substantial compliance with the requirement of

the Act. An order to the Clerk to enter up judgment could have done no more. A judgment entered up by the Clerk would not have been more effectual. The Judge, instead of ordering the Clerk to enter judgment, has entered up the judgment himself. Hence, we think the Court erred in holding that the order was not a compliance with the statute, and that the execution was void.

2. Had there been no order, or an insufficient one, we think it could have been remedied by an order *nunc pro tunc,* and when so remedied, the trial of the cause should have gone on between the parties as though the proceedings were regular from the commencement, when the rights of third persons had not intervened.